### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**RIMA JONES**                                                                                   **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 3:14CV-633-H**

**JOHN E. POTTER, POSTMASTER GENERAL** *et al.*                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Rima Jones filed a *pro se* complaint alleging employment discrimination on the bases of national origin, sex, age, and disability in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended; the Rehabilitation Act of 1973; and the Age Discrimination in Employment Act of 1967 (ADEA). She attaches a September 11, 2014, decision of the U.S. Equal Employment Opportunity Commission, affirming the United States Postal Service's final order denying her equal employment opportunity complaint alleging employment discrimination in violation of Title VII, the Rehabilitation Act, and the ADEA. In the caption of the complaint, Plaintiff names John E. Potter, Postmaster General, as Defendant. In the parties section of the complaint, Plaintiff additionally lists Pat O'Neal and Gary as Defendants but does not identify who they are. In a form attached to the complaint, however, under the heading "Official(s) Responsible for Action(s)," Plaintiff lists Pat O'Neal as a supervisor and Gary as a clerk. It, therefore, appears that these individuals are employees/supervisors where she worked. As relief, Plaintiff seeks reinstatement of her job, back pay, damages for stress and humiliation, and "Better treatment w/ dignity."

Plaintiff also filed two applications to proceed without prepayment of fees. Upon consideration, **IT IS ORDERED** that the applications (DNs 2 & 5) are **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, the Court must undertake a preliminary review of the

complaint under 28 U.S.C. § 1915(e)(2), which provides that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Upon initial review, the Court will allow the complaint to continue past initial review. Before directing service, however, the Court must determine the proper Defendant(s).

"[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Courts have likewise found that individuals may not be personally liable under the ADEA and Rehabilitation Act. *See Leeds v. Potter*, No. 1:04-CV-429, 2005 WL 1420866, at *3 (S.D. Ohio June 16, 2005) ("[I]t is well-established that individuals may not be held liable under Title VII, the ADEA, or the Rehabilitation Act.") (citing *Wathen v. Gen. Elec. Co.*, 115 F.3d at 404 (Title VII); *Liggins v. State of Ohio*, No. 99-3535, 2000 WL 178420, at *2 (6th Cir. Feb. 8, 2000) (ADEA); and *Hiler v. Brown*, 177 F.3d 542, 545-47 (6th Cir. 1999) (Rehabilitation Act)). More specific to this case, "[i]n an employee's discrimination action against the USPS, the only proper defendant is the Postmaster General, and claims against the employee's supervisor must be dismissed." *Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *3 (S.D. Ohio June 19, 1997); *Stiles v. Frank*, Nos. 91-5454, 91-5455 and 91-5648, 1992 WL 188111, at *1 (6th Cir. Aug. 6, 1992) (affirming dismissal in a Title VII and Rehabilitation Act case of "all defendants except the Postmaster General because only the head of a department or agency may be named as a defendant in a civil action brought to redress employment discrimination practices involving a federal agency"); *Honeycutt v. Long,* 861 F.2d 1346, 1349 (5th Cir. 1988) ("Under Title VII and the Rehabilitation Act the proper defendant is the 'head of

2

the department, agency, or unit, as appropriate.'") (quoting 42 U.S.C. § 2000e-16(c) and citing 29 U.S.C. § 794a(a)(1) (adopting Title VII procedures)); *McGhee v. U.S. Postal Serv.*, No. 06-CV-10337 DT, 2006 WL 1851261, at *2 (E.D. Mich. June 30, 2006) ("Although the Sixth Circuit has not yet ruled on this issue, several circuits have expressly held that the head of a federal agency or department is the only proper defendant in a Rehabilitation Act and ADEA action, as in a Title VII action.").

Concluding that the Postmaster General is the only proper Defendant in this action,

**IT IS ORDERED** that Plaintiff's claims against individuals Pat O'Neal and Gary are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. The **Clerk of Court is DIRECTED to terminate** Pat O'Neal and Gary as Defendants.

In the complaint, Plaintiff identifies John E. Potter as the Postmaster General. The Court, however, takes judicial notice that Patrick R. Donahoe succeeded Potter and is the current Postmaster General. Consequently, **the Clerk of Court is DIRECTED to substitute current Postmaster General Patrick R. Donahoe** for John E. Potter as Defendant. *See* Fed. R. Civ. P. 25(d).

By separate Order, the Court will direct service of the complaint on Defendant Donahoe.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        United States Attorney
4412.005

3