**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00633-TBR-LLK**

RIMA JONES,                                                                                      Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General,
United States Postal Service,                                            Defendant.

**MEMORANDUM OPINION AND ORDER**

Proceeding *pro se* and *in forma pauperis*, Rima Jones instituted this action against the Postmaster General alleging employment discrimination based on her national origin, sex, age, and disability. *See* R. 6 at 3–4 (Complaint). On December 16, 2015, she filed a self-styled motion for summary judgment, *see* R. 32 at 1 (Motion for Summary Judgment), which the Court denied on February 26, 2016, *see Jones v. Donahoe*, No. 3:14-CV-00633-TBR-LLK, 2016 U.S. Dist. LEXIS 25366, at *1–3 (W.D. Ky. Feb. 26, 2016). Now, Jones asks the Court to reconsider its ruling. *See* R. 39 at 1–2 (Motion to Reconsider).

The Court may reconsider interlocutory orders, such as an order denying a motion for summary judgment, under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015). Reconsideration of an interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."

1

*Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

Jones' original filings in this case presented questions which the Court worked diligently to resolve. While Court cannot discern the exact basis of Jones' instant motion, she identifies no change in controlling law and no new evidence of note, but rather appears to argue that the Court committed clear error in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Jones has made. It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary. The Court stands by its original decision for the reasons stated then.

**IT IS HEREBY ORDERED** that Plaintiff Rima Jones' Motion to Reconsider, R. 39, is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc:  Plaintiff, *pro se*
     Counsel of Record