# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00633-TBR-LLK

RIMA JONES,                                                                 Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General,
United States Postal Service,                                              Defendant.

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se* and *in forma pauperis*, Rima Jones instituted this action against

the Postmaster General alleging employment discrimination on the basis of her religion,

sex, national origin, age, and disability, and in retaliation for her prior protected conduct.

Now, the Postmaster General asks the Court to grant summary judgment on all of Jones'

claims.   Because there appear to be genuine issues of material fact, however, the

Postmaster General's Motion for Summary Judgment, R. 46, is **GRANTED IN PART**

and **DENIED IN PART**.

## I.

### A.

The general background of this employment discrimination dispute is discussed at

some length in *Jones v. Donahoe*, EEOC No. 470-2011-00207X, Agency No. 1C-401-

0013-11 (Aug. 17, 2012), *aff'd*, Appeal No. 0120130251 (Sept. 11, 2014).  Briefly, Rima

Jones began working for the United States Postal Service as a Casual Clerk at its

Louisville Processing and Distribution Center in October 2010.   R. 45 at 94 (Jones'

Affidavit).   She worked for USPS until Patrick R. Oneal, Supervisor of Distribution

Operations, terminated her on December 21, 2010. *Id.* at 129, 135 (Oneal's Affidavit); *id.* at 214 (Letter of Termination); R. 45-1 at 114–16 (Hearing Transcript).

During her relatively brief term of employment, Jones alleges that numerous individuals harassed her because of her national origin, sex, religion, age, and disability, and retaliated against her for expressing her intention to file an EEO complaint. *See* R. 6 at 3–4 (Complaint); R. 45 at 108; *see also* R. 45-2 at 7–8 (EEOC Administrative Judge's Decision); R. 6-1 at 3–5 (EEOC Office of Federal Operations Decision). She claims the same discriminatory animus motivated her termination too. *See* R. 6 at 3–4; R. 45 at 108; *see also* R. 45-2 at 7–8; R. 6-1 at 5–6. USPS denies Jones' allegations.

Jones timely sought EEO counseling relating to her treatment and termination. *See* R. 45 at 75 (Information for Pre-Complaint Counseling). On March 2, 2011, counseling concluded, and Jones was informed of her right to file a formal complaint. *Id.* at 66–67 (Notice of Right to File). She filed an EEO Complaint of Discrimination on March 15, 2011. *Id.* at 43–55 (Complaint of Discrimination). EEOC Administrative Judge Johanna P. Maple held a hearing on Jones' complaint in January 2012. *See* R. 45-2 at 7. Relying heavily on judgments as to various witness' credibility, Administrative Judge Maple found that USPS had not discriminated against Jones. *See* R. 45-2 at 5–42. The EEOC Office of Federal Operations affirmed that decision in September 2014. *See* R. 6-1 at 1–6.

## B.

Rima Jones, proceeding *pro se* and *in forma pauperis*, instituted this action against the Postmaster General, alleging discrimination on the basis of her national origin (Middle Eastern), sex (female), and religion (Muslim) in violation of Title VII, 42 U.S.C.

§ 2000e-16(a); on the basis of her age (at the time of termination, forty-seven) in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a(a); on the basis of her disability (Attention Deficient–Hyperactivity Disorder) in violation of Rehabilitation Act, 29 U.S.C. § 794(a); and in retaliation for her expressing an intent to file an EEO complaint. *See* R. 6 at 3–4; *see also* R. 6-1 at 1; R. 45-2 at 7–8. Now, the Postmaster General asks the Court to grant summary judgment on all of Jones' claims. *See* R. 46 at 1 (Motion for Summary Judgment).

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, the Postmaster General must shoulder the burden of showing the absence of a genuine dispute of material fact as to at

least one essential element of Jones' claims. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the Postmaster General satisfies her burden of production, Jones "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III.

The Postmaster General seeks summary judgment on Jones' hostile-work-environment and wrongful-termination claims based on national origin, sex, religion, age, and disability discrimination, and on her retaliatory-discharge claim based on protected conduct. The Postmaster General's sole argument is that there are no issues of material fact as to any of Jones' claims. *See* R. 46-1 at 5–14 (Memorandum in Support). Examining the record in the light most favorable to Jones, the Court agrees—though only in part.

Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act collectively prohibit the United States Postal Service from discriminating against any individual on the basis of religion, sex, national origin, age, or disability, or retaliating against any person based on protected conduct. *See* 42 U.S.C. § 2000e-16(a); 29 U.S.C. § 633a(a); 29 U.S.C. § 794(a). Jones may establish a violation of Title VII, the ADEA, or the Rehabilitation Act by either direct or circumstantial evidence. *See Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 650 (6th Cir. 2012) (discussing direct-evidence approach under Title VII); *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009) (same under ADEA); *Timm v. Wright State Univ.*, 375 F.3d 418, 423 (6th Cir. 2004)

4

(same under Rehabilitation Act). "Direct evidence is 'that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's action.'" *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 465 (6th Cir. 2014) (quoting *Geiger*, 579 F.3d at 620). "Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred." *Hale v. ABF Freight Sys., Inc.*, 503 F. App'x 323, 330 (6th Cir. 2012) (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc)).

Here, Jones appears to maintain a direct-evidence theory of discrimination as far as her national-origin discrimination claim goes. *See* R. 6-2 at 4–6 (Response to Motion for Decision Without Hearing). In her sworn affidavit, Jones claims that Oneal called her into his office on November 12, 2010 and told her that he would fire her because she was of Middle Eastern descent. R. 45 at 95; *see also* R. 45-1 at 27–29. Just over a month later, Oneal in fact terminated Jones. *See* R. 45-1 at 114–16. Though Oneal denies having told Jones he would fire her because of her national origin, *id.* at 121–22, and instead points to Jones' "unsatisfactory job performance and unprofessional behavior" as the reason for her termination, R. 45 at 214, the conflicting testimony creates a genuine issue of material fact, *cf. Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025 (6th Cir. 1993) ("Age-related comments referring directly to the worker may support an inference of age discrimination." (citing *McDonald v. Union Camp*, 898 F.2d 1155, 1162 (6th Cir. 1990))). Consequently, a jury must resolve this claim.

However, the same cannot be said for Jones' hostile-work-environment and wrongful-termination claims based on sex, religion, age, and disability discrimination, or

for her retaliatory-discharge claim based on protected conduct.  The only possible direct evidence appears to be an affidavit in which Jones claims to have been told that she was harassed and discharged because of her religion, sex, age, and disability, and in retaliation for expressing her intention to file an EEO complaint.  *See* R. 45 at 108.  Yet, "direct evidence cannot be based on rumors, *conclusory allegations*, or subjective beliefs."  *Hein v. All Am. Plywood Co.*, 232 F.3d 482, 488 (6th Cir. 2000) (emphasis added) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 585 (6th Cir. 1992)).  Jones' affidavit, then, is insufficient to create an genuine issue of material fact.

Nor could Jones show any discriminatory treatment using circumstantial evidence under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–05 (1973).  *See, e.g.*, *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 733 (6th Cir. 2006) (discussing burden-shifting analysis for discrimination claim based on sexual harassment); *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007) (same for religion); *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 317 (6th Cir. 2007) (same for age); *Plautz v. Potter*, 156 F. App'x 812, 818 (6th Cir. 2005) (same for disability); *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir. 2007) (discussing burden-shifting analysis for retaliation claim).  Under that framework, Jones must first establish a prima facie case of discrimination.  *Riley v. PNC Bank, N.A.*, 602 F. App'x 316, 319 (6th Cir. 2015).  "Then the burden of production shifts to [the Postmaster General] to proffer a legitimate non-discriminatory reason for the adverse action."  *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802).  If the Postmaster General is able to make that showing, "the burden shifts back to [Jones] to show the proffered reason was pretext for

discrimination." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804; *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)).

Even when viewed in the light most favorable to Jones, there is insufficient record evidence to show that her treatment or termination was based on membership in any protected class, or on prior EEO conduct. For example, it does not appear as though her supervisors were aware of her religious views or her alleged disability until well after her separation from USPS. *See* R. 46-1 at 11. Likewise, she has not adduced testimony from which a jury could reasonably infer any disparate treatment on the basis of her sex or age. *See id.* at 12–14. Accordingly, the Postmaster General is entitled to summary judgment on Jones' hostile-work-environment and wrongful-termination claims based on sex, religion, age, and disability discrimination, and for her retaliatory-discharge claim based on protected conduct.

## IV.

**IT IS HEREBY ORDERED** that the Postmaster General's Motion for Summary Judgment, R. 46, is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Date:

cc:    Plaintiff, *pro se*
        Counsel of Record