## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO. 3:14-CV-00633-TBR-LLK

RIMA JONES,                                                                    Plaintiff,

v.

MEGAN J. BRENNAN, Postmaster General,
United States Postal Service,                                                  Defendant.

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se* and *in forma pauperis*, Rima Jones instituted this action against the Postmaster General alleging employment discrimination on the basis of her religion, sex, national origin, age, and disability, and in retaliation for her prior protected conduct. [*See* R. 6 at 3–4 (Complaint).]  On April 1, 2016, the Postmaster General filed a motion for summary judgment, [*see* R. 46 (Motion for Summary Judgment)], which the Court granted in part and denied in part on September 26, 2016, [*see* R. 56 (Memorandum Opinion)].  Now, Jones not only asks the Court to reconsider the unfavorable portion of its prior opinion, but also seeks summary judgment in her favor too.  [*See* R. 59 at 1–4 (Motion to Reconsider and for Summary Judgment); *see also* R. 59-1 at 1 (Tendered Order).]

The Court may reconsider interlocutory orders, such as an order granting a motion for summary judgment only in part, under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it.  *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *see also Simmerman v. Ace Bayou Corp.*, 304 F.R.D. 516, 518 (E.D. Ky. 2015).   Reconsideration of an

1

interlocutory order is appropriate where "there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959). The standard vests the Court with "significant discretion." *Rodriguez*, 89 F. App'x at 959 n.7.

The Postmaster General's original filings in this case presented questions which the Court worked diligently to resolve. While Court cannot discern the exact basis of Jones' instant motion, she identifies no change in controlling law and no new evidence of note, but rather appears to argue that the Court committed clear error in its earlier opinion. The Court has reviewed its original opinion in light of any new or better arguments Jones has made. It is satisfied with its original judgment and does not consider further explanation or discussion of the case to be necessary. The Court stands by its original decision for the reasons stated then.

Likewise, although the pleadings of a *pro se* plaintiff are construed liberally, *pro se* status does not relieve Jones of her obligations under the Federal Rules of Civil Procedure. *See Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (per curiam). Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the party shouldering the ultimate burden of proof at trial, Jones must point to "particular parts of materials in the record" that reveal the absence of such a dispute. Fed. R. Civ. P. 56(c)(1)(A); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995); *1064 Old River Rd., Inc. v. City of Cleveland*, 137 F. App'x 760, 764

(6th Cir. 2005).  Here, Jones offers no support for the relief that she ostensibly seeks.  *Cf. Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001) (holding that party opposing summary judgment may not rely solely on allegations in pleadings to discharge burden).

   **IT IS HEREBY ORDERED** that Plaintiff Rima Jones' Motion to Reconsider and for Summary Judgment, [R. 59], is **DENIED**.

   **IT IS SO ORDERED.**

Date:

cc:  Plaintiff, *pro se*
   Counsel of Record

3